Case number 09-2523, Peoples v. John Schlosser. Good morning, Your Honors. My name is David Hollins. I'm here on behalf of the appellants, Mr. John Schlosser. Good morning, Your Honors. Assistant State's Attorney Alan Spalberg here on behalf of the People. I just want to thank the Court for extending the case this week due to Mr. Tuftenegg's illness. And if I may reserve just a couple of minutes for rebuttal. May it please the Court, in order for a post-conviction counsel to provide a reasonable level of assistance in this case, he had to amend this petition. That is, in order to comply with Rule 651C, he had to add an allegation of appellate counsel's ineffectiveness. Let me ask you this. On the PC, are we to utilize the Strickland case? No. Strickland does not have applicability to a review of counsel's performance at the second stage of the Post-Conviction Hearing Act. What are we to look at? I would ask this Court to review whether counsel amended this petition. And he did not amend this petition. And that's best evidenced by the fact that Judge Hines actually said, I don't see anything in this petition regarding appellate counsel's ineffectiveness. And then when Judge Hines issued his written ruling, he found the claims to be procedurally defaulted. Okay. Well, if it wasn't forfeited or defaulted, would he have been able to reasonably prevail in this case? I think if he had added an allegation of appellate counsel's ineffectiveness, he might not have prevailed on the merits. But my client is not appealing the substance of Judge Hines's order on the merits. He's appealing the performance of counsel in the first place. So the Illinois Supreme Court has set forth this sort of bright-line rule, a policy consideration, to ensure that if a petitioner is appointed as second-stage counsel, he provides a reasonable level of assistance which, at a bare minimum, requires adequately presenting this petition to the circuit court. All right. Mr. Holland, everything you've stated is certainly consistent with Supreme Court Rule 651C. But I do have a question regarding what the assistance defense counsel should provide, how you assess whether it was reasonable. And I thought that Section or Rule 651 says that the defense counsel has to amend petitioner's contentions. And to the extent that the pro se petition does not make an allegation of insufficient evidence to convict me, that post-conviction counsel is under no obligation to add a claim not raised by pro se defendants. Isn't that the state of the law? I think that is an accurate summation of the law, Justice Garcia, but it isn't. So why aren't you, in fact, saying that it was so obvious for post-conviction counsel, the claim itself was so obvious based on the record, that post-conviction counsel reasonably should have added that claim in his amended petition. And when he didn't, he was unreasonable. Why was he unreasonable if it wasn't raised in the pro se petition? It was raised in the pro se petition in terms of Mr. Schlosser's pro se petition challenges the sufficiency of the evidence he said I was convicted on hearsay, and he also has a claim that his sentencing was unfair. So these are clearly trial issues. Well, let me ask you, does the hearsay claim really address an insufficiency claim? Because if it's hearsay, then that sounds like an evidentiary matter as opposed to saying, take in the state's case in the best possible light, the evidence wasn't sufficient to convict me. Well, my response to that is that this post-conviction counsel actually believed this to be a sufficiency of the evidence claim, because he actually put that on the record. After the state argued procedural default in its written motion, and Judge Hines asked, are you going to respond to this? He says no. And then the state, again on the hearing date, again argues procedural default. Well, it seems at this point, counsel realizes the deficiency in its performance, because he actually says, then he presents this response. And it's sort of this unintelligible response, oh, your honor, I'm going to stand on the petition. But in terms of that sufficiency of the evidence claim, he says, I just want to clarify one thing. The allegation of the insufficiency of the evidence totaled the ineffective assistance of appellate counsel for not raising that issue, for not raising the lack of the DNA, the lack of evidence. Straightforwardly, that's the main claim of the petition, Judge. I'm standing on the petition. So let me understand that. You're saying that first it was raised in the pro se petition, and post conviction appointed, post conviction counsel understood that the pro se petition alleged insufficiency of the evidence, and given his understanding of it, he was able to raise the claim, but he was clearly unreasonable in not expressly raising that claim in the amended petition. Well, he never filed an amended petition, but I would say... Oh, he never did? No. My understanding of what happened here is that in the original PC petition, sufficiency of the evidence was raised. He claimed he wasn't proven guilty beyond a reasonable doubt, right? The problem here is that counsel didn't amend the petition, and the claim was barred because it wasn't raised on appeal. And all that would have had to happen is if counsel would have presented, done his obligation under 651, and added the claim of ineffective assistance of appellate counsel, the claim wouldn't have been barred. Is that your position? That is my position, Justice Palmer. Well, then let me get this right. Then what you appear to be saying is that the trial court got it wrong. The trial court, when he said, I don't see an insufficiency of the evidence claim in this pro se petition upon which the post-conviction counsel is standing. I don't see it raised here. And so that sounds like really it's not so much the trial judge's reading of the pro se petition when he too narrowly read the petition as not raising an insufficiency claim. No, Justice Garcia. In this case, I think Judge Hines got it completely correct because his response after counsel puts forth, after counsel says, I'm standing on a petition, but I have this clarification. Well, hold on. I just don't understand that. If you can tell Justice Palmer that the pro se petition did raise an insufficiency of the evidence claim, and if it raised an insufficiency of the evidence claim, then I don't see how waiver can apply to that very claim. In order for that claim to be adequately fashioned, you would have to raise a claim of appellate counsel's ineffectiveness. And that's what Judge Hines' response to counsel, that if you're going to challenge the insufficiency of the evidence, that's clearly something that had to have been raised on direct appeal. So when counsel says, oh, it's this sort of unintelligible response, and Judge Hines responds to counsel by saying, counsel, I don't see anything here about appellate counsel's ineffectiveness. And then he goes forth and finds the petition to be procedurally defaulted. Well, that's fairly read as an indictment of counsel's performance in terms of his inability to provide what the Illinois Supreme Court calls the most appellate counsel's ineffectiveness. I think this case is awful. Doesn't Turner instruct us that counsel on a post-conviction proceeding in Stage 2 is to present the claim of the defendant in a proper form? And that wasn't done here? Isn't that what happened? Justice Gordon, that is my position. This case is on all fours with Turner in the sense that whether or not counsel provided a routine amendment to say... And the man didn't have his shot because it was forfeited. He didn't get the right to what is given to him by statute. Isn't that what this is all about? That's correct. In terms of... Let me phrase it this way. What I think you're saying is that counsel all, he conceded, he absolutely read the petition as raising an ineffectiveness of counsel claim, and post-conviction counsel failed to act reasonably by presenting the means by which that claim could have been raised. And the only means that claim could have been raised is by faulting appellate counsel in not addressing it in the first instance, in the direct appeal. And when he didn't amend the complaint to put it within the context of a constitutional violation, which would have been ineffectiveness of appellate counsel, he acted unreasonably. And Turner stands for the proposition that when such a simple thing, when post-conviction counsel has the duty to ensure that the door isn't closed on post-conviction counsel for failure to properly avoid the bar of waiver or forfeiture, he acts unreasonably. That's an accurate summation of the law. And also, to your point, Justice Garcia, about whether this is contained in the pro se petition, even the State below believe this to be a sufficient to the evidence. And if I can just make one point, in terms of the bigger picture here, what I find disconcerting about this case is that this post-conviction counsel, continually through the course of his representation, told the court that he's going to stand on a pro se petition that was clearly inadequate. And I think it was sort of a nudge and a wink to the State and the circuit court that this is not the sort of petition that he's going to advocate for. And if that's the case, if he's not going to advocate on this petition, he has to withdraw. It's either you're going to withdraw because you don't feel like this is a good case, or you're going to withdraw on your client's behalf. Because it has to be adversarial. And this was not an adversarial proceeding. Or post-conviction counsel may not have realized that in order for that insufficiency of the evidence claim to even be properly presented to the trial court in a post-conviction, it has to be couched in an ineffectiveness of counsel claim. He may not have realized that. Your last comment is along the lines of Turner. You're saying that not only was it a simple amendment, but this was a failure of representation. I'm saying both. The plain violation of 651C on its own requires remandment. But also in the bigger picture, this was a failure of representation. The other has to withdraw, or he has to advocate. But you can't fall into this sort of netherworld where you're not going to do either one. And then ultimately, it's found to be procedurally defaulted. And as you indicated, you do not fault Judge Hines because given the post-conviction, well, the nature of the petition before him, which was a post-conviction petition, there had to be an allegation of a misdemeanor. Of a constitutional violation. And that had to be couched in terms of what happened during the trial itself or the direct appeal. And he did neither. He acted as if it was a direct appeal, and I can claim insufficiency of the evidence, and that's a sufficient constitutional claim in a post-conviction petition. And yet it is not. That's fairly clear. That's correct. I think Judge Hines had the correct order. And it can be read as an indictment of counsel's performance here. All right. If there are no further questions, I'll reserve you. Good morning again. I just want to clarify something about, there's an assumption going on in this case, and that is that it is a simple, routine amendment to allege that an appellate attorney engaged in ineffective assistance of counsel because he didn't make a sufficiency claim. I understand that Turner specifically found that that was a routine amendment in that case, but I'm wondering if that's true in this case. But really, the alleged routine amendment here is a claim that the post-conviction attorney should have decided that the appellate attorney failed to provide legitimate, reasonably appropriate representation on appeal, having reviewed the record and decided they should have made a claim. Well, Mr. Stolberg, I've got to stop you right there. Because your position in terms of the pro se petition as it relates to the case, as it stood before Judge Hines, was that it did not raise a constitutional violation and had to be dismissed. Isn't that what you're claiming? Our petition below, our petition below, excuse me, was that there was a sufficiency claim in the constitutional, a claim cognizable under the post-conviction statute? I actually am not certain about that. I don't believe there's any case that specifically addresses it either way. And generally, aren't those petitions, aren't those sort of claims, insufficiency of the evidence, couched in terms of fault lying with either trial counsel or appellate counsel? And given the nature of the case, it had to be, in this case, appellate counsel, because it wasn't raised on direct appeal, which had a reasonable, had a basis for it in the record. Absolutely, Your Honor. They are oftentimes couched in that way, using the Strickland standard. So why do you think post-conviction counsel didn't act unreasonably? The difference here is that oftentimes the pro se claim is one of ineffective assistance of counsel for failing to make the claim. That wasn't the pro se claim here. Instead, the pro se claim was just a simple allegation of insufficient evidence based upon hearsay. And so for that reason But isn't that translated into, I was wrongly convicted, I should not have been convicted, and the trial court says, you know what, I think that's at least a gist of a constitutional claim. It isn't properly set forth, but I'm going to appoint counsel who's going to put it in proper form before me. Yes, Your Honor, and that's exactly what happened here. Did counsel put it in proper form before him? Your Honor, that's where I'm trying to get to the next step, and that's where I believe this Court ruled correctly in its initial decision last year. And the reason why is this Court pointed out that the counsel here, post-conviction counsel, pursuant to Rule 651C, filed a certificate. That certificate under Perkins is presumptive that counsel did everything that he could within the realm of his obligation under 651C. Well, let me stop you for a moment. This lawyer was so mixed up in his presentation that he made a motion to amend it on its face before the judge. And the judge found it to be forfeited. Isn't that true? Yes, Your Honor. So if we followed that decision, then we would have to totally disregard Turner, would we not? No, Your Honor, I don't believe you would have to disregard Turner, and that's why I was about to say that Turner is not on all fours, as you stated before. First off, Turner did not involve a scenario where the attorney filed a certificate, so there was no presumption of compliance with 651C. Second of all, and I believe this is a truly important point, it was a capital case, the defendant had been sentenced to death, and the attorney did absolutely nothing. All right, Mr. Spillware, and I don't mean to keep interrupting you before you finish your point, but let's say Turner isn't on all fours, for the very reasons you've already indicated. But aren't we really presented with the choice between how, or the certificate on the one hand by counsel under 651, and the presumption that flows from it, and a finding of waiver by the circuit court that we can certainly consider, and don't we decide between those two opposing positions? Whether that waiver could have been avoided had counsel, post-conviction counsel, amended the petition in a reasonably, in a way that we could say was reasonable in light of the pro se petition? Well, Your Honor, and thank you for bringing me right to my next point, which is what I was trying to make. Alleging ineffective assistance of appellate attorney, post-conviction counsel, is not simply checking off a box. It's not simply saying the attorney should have done it. It requires investigation on behalf of the appointed post-conviction counsel to make a determination that the appellate attorney failed to engage in proper professional behavior. It was incompetence, it is a matter of law, the first prong of strickling at a minimum, and that that as a result resulted in prejudice. Well, then there's a true conflict between you and counsel, and basically the reason we granted a petition for rehearing, because we were informed that the Strickland standard isn't the standard that we should apply on a second stage review of a post-conviction petition. Well, Your Honor, just to make clear, I'm not saying that you should be looking at post-conviction counsel's conduct under a Strickland standard. What Mr. Howland said is absolutely correct. Strickland, as Suarez tells us, Strickland doesn't apply to review whether or not there's been compliance with 681C. What I'm trying to say is, what was post-conviction counsel supposed to do pursuant to his obligations under the law? And his job was to amend the petition, the claims in the petition, in a way that they could be presented as best they could. And so he has a petition, a pro se petition, alleging a claim of insufficient evidence. On its face, it's fairly obvious that his claim is without merit because it's based upon a claim that he was convicted under with hearsay evidence. We all know that hearsay evidence is legitimate evidence that can be utilized in certain cases. So counsel then was faced with this petition. He could make a routine amendment alleging ineffective assistance of appellate counsel for not making that precise claim on appeal. But then what he would be doing is he would be saying that the appellate attorney was professionally deficient, professionally incompetent, for raising a claim which he doesn't believe to have merit. And that's where I'm saying that you cannot simply say the routine amendment is for simply off checking a box. It would be a routine amendment only to stave off, to allow the merits or to allow whether or not the record adequately supports that claim of ineffectiveness of appellate counsel, as opposed to having the judge say, you know what, I don't care. I don't care. I'm going to look at the record. I don't even have to look at the record. I don't have to examine what appellate counsel did at all. I just have to say, you know what, this is not a claim that's properly before me. Your Honor, I would say that if you take that logic to any and every other claim that could be subject to forfeiture. You know, Blair teaches us that every claim is subject to forfeiture under the Post-Conviction Hearing Act. And it can be dismissed at first stage or at second stage. But if what you're saying then, Your Honor, is that if a claim makes it to second stage and a counsel is appointed, be it an attorney, the attorney is obligated to make a claim of ineffective assistance of counsel to negate any possibility of forfeiture. No. All he's obligated to do is to avoid a finding of waiver when it could have been easily done under Turner. Right. And again, that's what I'm trying to say. If it could have been easily done under Turner, where do the facts support that support it? Well, but we don't have to get into the facts right then and there, do we? And I thought that's the other Suarez holding. Well, again, the difference between Suarez and Perkins. And again, this is why the decision in this case from last year is so important. This Court specifically said Perkins controls and not Suarez because Perkins involved a case where a certificate was filed and is presumptively correct, whereas in Suarez no certificate was filed and the Court said we're not going to look at that. So we go back to the position of between a certificate and avoidance of waiver. And between those two, when that situation presents a conflict, as it does here and it didn't in Turner, it didn't in Suarez, which should win out? Your Honor, I would say the presumption should win out because, again, we're told by Perkins, we're told by 651C that when a certificate is filed, it's presumed to be correct. But what if we say as a matter of law, as a matter of law, waiver could have been avoided by amending the petition alleging ineffectiveness of appellate counsel without the need to lay out a complete petition supporting that claim? Well, Your Honor, I would say that that would be a strange assertion, a strange finding for a second stage of amended petition, because at that point the obligation is upon the defendant to allege a sufficient claim to make a substantial claim. Well, but I thought that was the whole problem with our original decision, that we applied the whether a substantial question of a constitutional violation had been raised, and that we, to get to the third stage, which is, we're not at that point yet. Well, Your Honor, I'll be honest. We haven't said that we had a problem with the original decision. I mean, we were fine with it up until the court ordered a response to the petition. Well, you talk about a presumption here, but that's a rebuttable presumption. Yes, of course it's a rebuttable presumption. It seems that it may have been rebutted here. Well, that's an entirely different question as to whether or not it's a routine amendment that the attorney has to make that would be in response to a claim that this is completely waived, and he was then saying, Your Honor, look, the attorney could have asked advocacy. I'm not saying that it is. And yes, the question is whether or not it meets the low threshold of reasonable assistance under 651C. And what we have here is we do have an attorney who files a certificate, who is presumed to know the law, who's faced with what nearly everyone will say, and I believe my opposing counsel will say, the claim of insufficient evidence is clearly without merit, because it's not based upon a claim. So he was not, you have to accept the presumption that he didn't have to allege another attorney, the appellate attorney, was ineffective for failing to raise what is clearly a non-meritorious claim. That assumes that counsel went through the mental process and said, I've looked at the record pursuant to the certificate. Excuse me, which counsel are you referring to? I'm looking at post-conviction counsel. He went through the certificate, his certification, I've looked at the record, and I know that in order for this claim to be cognizable now in the post-conviction, I would have to allege ineffectiveness of appellate counsel, but I don't believe the record supports it. And therefore, I'm going to stand on the original petition. But that's one reading of the record. The other is pursuant to what Justice Gordon just asked you, that counsel thought that the post-conviction, as it stood before the trial court, raised a claim that was not subject to waiver or forfeiture, and he was wrong. Your Honor, what I would say is if this Court were to find that the record rebuts the presumption of reasonable assistance, that's a very different holding than one which says that an attorney, as a matter of course, has an obligation to make an allegation of ineffective assistance. No, I think what we would be saying is that an attorney has an affirmative obligation to avoid the bar of waiver or forfeiture when that amendment requires very little effort on his part, and in fact, it would be consistent with the post-conviction defendant's desire to have a ruling on the merits as opposed to an application of forfeiture. Your Honor, I know I'm running out of time, if I could just respond very briefly to that point, and I believe that that really gets to the heart of it. Rule 137, we know from Suarez and from other cases, from Greer, specifically applies to the representation of counsel in post-conviction cases. Attorneys who are appointed under Rule 651 have an obligation consistent with Rule 137 to only make claims which they are factually believe in, which they have investigated the claim and make the claim. And so an allegation, a separate claim of ineffective assistance of appellate counsel without investigating, without believing in it, would be a violation of Rule 137, and what that would do is it would amount to requiring post-conviction attorneys to engage in unethical behavior simply to allow a defendant to be able to challenge a defendant. Because as I started off, ineffective assistance of appellate counsel is a very damning claim against an attorney. It's a claim that that attorney is professionally incompetent. And no attorney should be forced to make that claim if they don't have the facts and they haven't engaged in the investigation. That's why I say it's not simply checking about. And if I could just make one other point about Turner, and the reason why I think Turner is distinct and so important, not only because it was a death case, not only because the attorney didn't do anything, not only because there was no certificate filed, but also because the claims in Turner were, one, claims of ineffective assistance of appellate counsel, excuse me, ineffective assistance of trial counsel, and were based upon the record as it appeared. They were patents from the record that was presented to the appellate court. So what the defendant was alleging there was, my attorney, my trial attorney was so bad that even I, as a pro se defendant, can see how bad this is, and yet my appellate attorney didn't notice that. That's a very different scenario. My other point, and this is the last point, is that there's a tension between counsel's obligation under 651C and counsel's obligation under 137. And that when post-conviction counsel is faced with a situation where he's representing someone, he looks at the pro se petition, he's looking at it in the light of 651, and he says, okay, well, this is, it sufficiently says what he wants to say. I know that it's going to be, it's going to, he's going to lose because it's going to be waived because it wasn't raised on appeal unless I raise ineffective assistance of appellate counsel. But I don't think appellate counsel was ineffective because it's a baloney issue. So under 137, I can't raise it. So basically what you're saying is that post-conviction counsel should be able to be in a position to basically throw in the towel. Like kind of like an Andrews situation. And that's what Greer says. Greer gives them the authority to do that. And the question I have is whether the record in this case would support a conclusion by this Court. That is exactly what happens. And if we say the record is insufficient, the record is unclear as to whether that happened. And all we do is send it back for a second stage proceeding where an amended complaint could be filed. And if a new post-conviction counsel says, I've looked at the record and it goes exactly what Justice Palmer just said. And makes it part of the record. That under 137, I cannot in good faith assert that appellate counsel was ineffective. Isn't that the end of the case? And the question is whether we should be jumping to that conclusion at this point given the state of the record. And whether and if I, two responses to that. First off in regards to Greer, Greer requires that the attorney is allowed to withdraw if he deems or she deems that it's a frivolous petition. So saying even though the judge has advanced it to the court, there's no indication here that the attorney thought the petition was frivolous. There's no indication the attorney thought there was any amendment that could be made to make it any better either. Greer doesn't impose an obligation on the attorney to actually withdraw. Greer imposes, or Rule 651 imposes an obligation upon the attorney to speak with his client, to investigate the claim, read the record and make any amendments necessary to properly address it. And in regards to the tension between Strickland and 651, the case which I would point to, which specifically addresses that. That's Strickland, 137. 137, I'm sorry, is Rial's. The Rial's decision from this court from I believe 2003 is a very specific question. It addresses does the attorney under 651 have an obligation to raise new claims? And the claim in that case was ineffective assistance of appellate counsel for failing to challenge the foundation of the evidence as it was admitted, relying on the old Rainey case and sufficient foundation. And what the appellate court said was it is a separate, the ineffective assistance of appellate counsel is an entirely separate claim. There is no obligation under 651 to make that additional claim. The only obligation is to take the claim which the defendant has raised in its pro se petition and amend that claim to be sufficient to be presented. So if in this case the defendant had actually made an ineffective assistance of appellate counsel, which everyone admits he did not do, had he made any sort of allegation against his lawyer, then, yes, the attorney would have been obligated to amend it appropriately under Turner and to do that. Here's one of the problems with that position, is that the defendants generally don't know what's going on in the appellate court. They know what transpired in the trial court. And this defendant believes that he was convicted on insufficient evidence. And does he know that that fault really lies with appellate counsel who failed to raise that issue? I'm not so sure that he does. Your Honor, I absolutely can't speak to what's in the mind of this particular defendant. I do know that pro se defendants are becoming far more sophisticated than they used to be. We are constantly, as this Court is seeing, pro se petitions which have multiple claims of ineffective assistance at every level. We are seeing claims of unreasonable assistance of post-conviction counsel at previous post-conviction proceedings. And so while any one individual defendant might not have a full understanding, they usually do have the ability to say, my lawyer didn't do something. I mean, they do it at trial court and crankle proceedings. They do it in all kinds of things. This defendant didn't. And that's significant. Because what defendant is arguing now is that even though this defendant didn't make any complaints against his attorney, his new attorney was obligated to do that. And that's a problem. Counsel wasn't obligated to bring this claim. But if he's going to bring it, it has to be adequately presented. This is resolved under People v. Greer. Because People v. Greer will maintain an adversarial proceeding. Counsel can withdraw. Then he has to explain why he's withdrawing. My client would get a chance to come in and argue or ask for a new counsel. And then the circuit court will step in between the two and make a decision on that withdrawal motion. And that didn't happen here. This goes back to your point about post-conviction counsel can't act reasonably by standing before the trial court and saying, we're standing on the petition, wink, wink, which is what you claim. And that's what I'm saying. In terms of the supposed oral amendment, I mean, this counsel said twice over, I'm standing on the petition. Frankly, standing on the petition is the opposite of amending the petition. And it's almost conceding it's going to be dismissed. That's correct. And I'd like to make one last point. In terms of the filing of the 651C certificate, as Your Honor noted, that raises a presumption, but it's rebuttable. In this case, it was instantly rebutted. I mean, all three parties here, the state, the court, and even post-conviction counsel himself right at the last second realized that 651C certificate had a plainly incorrect assertion. He said this petition was adequately presented. It plainly was not. It was a clear violation of Rule 651C. And my counsel is asking, excuse me, my client is asking only for second stage proceedings where he will be appointed a counsel who will provide a reasonable level of assistance. Thank you very much.